IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| HOUSTON SHUTTERS, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>   Defendant. | Court No. 24-00175 |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION**

| | |
|---|---|
| OF COUNSEL:<br><br>RUSLAN KLAFEHN<br>Attorney<br>Office of the Chief Counsel<br>For Trade Enforcement and Compliance<br>U.S. Department of Commerce | BRETT A. SHUMATE<br>Acting Assistant Attorney General<br><br>PATRICIA McCARTHY<br>Director<br><br>CLAUDIA BURKE<br>Assistant Director<br><br>EMMA E. BOND<br>Senior Trial Attorney<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 305-2034<br>E-mail: Emma.E.Bond@usdoj.gov |
| February 4, 2025 | Attorneys for Defendant |

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ..................................................................................................... iii

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION ........................................................................................................... 1

FACTS AND PROCEDURAL BACKGROUND ..................................................................... 1

    I.      In 2021, Commerce Issues Antidumping And Countervailing Duty Orders
Covering Wood Mouldings And Millwork Products From The People's Republic
Of China .................................................................................................................. 1

    II.     In 2024, Houston Shutters Requests A Changed Circumstances Review To
Establish A Scope Exclusion For Wood Shutter Components, Retroactive To
2020 ........................................................................................................................ 3

    III.    The Domestic Industry Opposes Initiation Of A Changed Circumstances Review,
Articulating An Ongoing Interest In The Full Scope Of The *Orders* ..................... 4

    IV.    In An Unpublished Decision, Commerce Declines To Initiate A Changed
Circumstances Review ........................................................................................... 5

    V.     Houston Shutters Files Two Separate Complaints Pursuant To 28 U.S.C.
§§ 1581(c) And 1881(i), Respectively .................................................................. 5

ARGUMENT ............................................................................................................................... 6

    I.      Legal Standard ........................................................................................................ 6

    II.     The Court Lacks Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1581(c) To
Review Commerce's Unpublished Determination Not To Initiate A Changed
Circumstances Review ........................................................................................... 7

          A.    Section 1516a(a)(1) Does Not List Commerce's Non-Initiation Of
Changed Circumstances Reviews As A Decision Subject To Review ....... 7

          B.    Section 1516a(a)(2) Does Not Authorize Review Of Commerce's
Unpublished Determination Not To Initiate A Changed Circumstances
Review ........................................................................................................ 8

          C.    No Provision In 19 U.S.C. § 1517 Authorizes Review ............................... 9

CONCLUSION................................................................................................................ 10

# **TABLE OF AUTHORITIES**

## **CASES**

*Arbaugh v. Y & H Corp.*,
  546 U.S. 500 (2006) ................................................................................................................ 6

*Coal. for Fair Trade in Garlic v. United States*,
  312 F. Supp. 3d 1372 (Ct. Int'l Trade 2018) ........................................................................... 7

*Greenfirst Forest Prods. Inc. v. United States*,
  604 F. Supp. 3d 1368 (Ct. Int'l Trade 2022) ........................................................................... 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ............................................................................................................ 6, 7

*Norsk Hydro Can., Inc. v. United States*,
  472 F.3d 1347 (Fed. Cir. 2006) ............................................................................................... 7

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) .................................................................................................................. 6

*Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States* (*Trustees*),
  593 F.3d 1346 (Fed. Cir. 2010) ............................................................................................... 9

## **STATUTES**

19 U.S.C. § 1516a ..................................................................................................................... 1, 7

19 U.S.C. § 1516a(a) ..................................................................................................................... 6

19 U.S.C. § 1516a(a)(1) ............................................................................................................ 7, 8

19 U.S.C. § 1516a(a)(1)(B) ........................................................................................................... 8

19 U.S.C. § 1516a(a)(2) ............................................................................................................ 8, 9

19 U.S.C. § 1516a(a)(2)(A)(i)(I) ................................................................................................... 8

19 U.S.C. § 1516a(a)(2)(A)(ii) ..................................................................................................... 9

19 U.S.C. § 1516a(a)(2)(B)(iii) .................................................................................................... 8

19 U.S.C. § 1516a(a)(2)(B)(vi) .................................................................................................... 9

19 U.S.C. § 1517 ................................................................................................................. passim

19 U.S.C. § 1671a(c) ............................................................................................................... 8

19 U.S.C. § 1671b(a) ............................................................................................................... 8

19 U.S.C. § 1673a(c) ............................................................................................................... 8

19 U.S.C. § 1673b(a) ............................................................................................................... 8

19 U.S.C. § 1675 ..................................................................................................................... 8

19 U.S.C. § 1675(b) ................................................................................................................ 8

19 U.S.C. § 1675(b)(1) ............................................................................................................ 3

19 U.S.C. § 1675(b)(1)(C) ....................................................................................................... 5

19 U.S.C. § 1675(c)(3) ............................................................................................................ 8

19 U.S.C. § 1677m(h) ............................................................................................................. 3

19 U.S.C. § 1677m(h)(2) ........................................................................................................ 3

28 U.S.C. § 1581(c) ........................................................................................................ passim

28 U.S.C. § 1581(i) .......................................................................................................... 5, 6, 9

28 U.S.C. § 1581(i)(4) ............................................................................................................ 9

## REGULATIONS

19 C.F.R. § 351.222(g)(1)(i) .................................................................................................. 3

19 C.F.R. § 351.222(g)(1)(ii) ................................................................................................. 3

## FEDERAL REGISTER NOTICES

*Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture from China*,
   70 Fed. Reg. 329 (Dep't of Commerce, Jan. 4, 2005) ................................................... 3

*Certain Hardwood Plywood Products from China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*,
   83 Fed. Reg. 504 (Dep't of Commerce, Jan. 4, 2018) ............................................... 2

*Certain Hardwood Plywood Products from China: Countervailing Duty Order*,
   83 Fed. Reg. 513 (Dep't of Commerce, Jan. 4, 2018) ............................................... 2

*Multilayered Wood Flooring from China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*,
   76 Fed. Reg. 76,690 (Dep't of Commerce, Dec. 8, 2011) .......................................... 2

*Multilayered Wood Flooring from China: Countervailing Duty Order,*
   76 Fed. Reg. 76,693 (Dep't of Commerce, Dec. 8, 2011) .......................................... 2

*Wooden Cabinets and Vanities and Components Thereof from China: Antidumping Duty Order*,
   85 Fed. Reg. 22,126 (Dep't of Commerce, Apr. 21, 2020) ......................................... 2

*Wooden Cabinets and Vanities and Components Thereof from China: Countervailing Duty Order*,
   85 Fed. Reg. 22,134 (Dep't of Commerce, Apr. 21, 2020) ......................................... 2

*Wood Mouldings and Millwork Products From China: Amended Final Antidumping Duty Determination and Antidumping Duty Order*,
   86 Fed. Reg. 9,486 (Dep't of Commerce, Feb. 16, 2021) ....................................... 1, 2

*Wood Mouldings and Millwork Products From China: Countervailing Duty Order*,
   86 Fed. Reg. 9,484 (Dep't of Commerce, Feb. 16, 2021) ....................................... 1, 2

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

|  |  |
|---|---|
| HOUSTON SHUTTERS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 24-00175 |
| UNITED STATES, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, Houston Shutters, LLC (Houston Shutters), challenges the Department of Commerce's unpublished determination not to initiate a changed circumstances review, and asserts jurisdiction pursuant to 28 U.S.C. § 1581(c). *See* Compl. at ¶¶ 1-2, ECF No. 8. However, Commerce's unpublished determination not to initiate a changed circumstances review is not reviewable pursuant to the two provisions authorizing section 1581(c) jurisdiction—19 U.S.C. § 1516a or 1517. Accordingly, pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade (USCIT), defendant, the United States, respectfully requests dismissal of Houston Shutters's complaint for lack of subject matter jurisdiction.

**FACTS AND PROCEDURAL BACKGROUND**

I.   In 2021, Commerce Issues Antidumping And Countervailing Duty Orders Covering Wood Mouldings And Millwork Products From The People's Republic Of China

On February 16, 2021, Commerce published antidumping and countervailing duty orders covering wood mouldings and millwork products from the People's Republic of China (China). *See Wood Mouldings and Millwork Products From China: Amended Final Antidumping Duty*

*Determination and Antidumping Duty Order* (*Antidumping Duty Order*), 86 Fed. Reg. 9,486 (Dep't of Commerce, Feb. 16, 2021); *Wood Mouldings and Millwork Products From China: Countervailing Duty Order* (*Countervailing Duty Order*), 86 Fed. Reg. 9,484 (Dep't of Commerce, Feb. 16, 2021) (collectively, *Orders*).

The scope of the *Orders* covers, in relevant part: "wood mouldings and millwork products that are made of wood (regardless of wood species), bamboo, laminated veneer lumber (LVL), or of wood and composite materials (where the composite materials make up less than 50 percent of the total merchandise){.}" *See, e.g.*, *Antidumping Duty Order*, 86 Fed. Reg. at 9,488-89.  To be subject to the *Orders*, the wood mouldings and millwork products must be "continuously shaped wood or finger-jointed or edge-glued moulding or millwork blanks (whether or not resawn)." *Id.*  The merchandise subject to the *Orders* may "be continuously shaped along any of its edges, ends, or faces." *Id.*

The *Orders* list numerous scope exclusions.  *Id.*  Exclusions include: "countertop / butcherblocks imported as a full countertop / butcherblock panel, exterior fencing, exterior decking and exterior siding products (including solid wood siding, non-wood siding (e.g., composite or cement), and shingles) that are not {laminated veneer lumber} or finger jointed." *Id*.  Certain merchandise subject to certain other antidumping duty or countervailing duty orders was also excluded.  *Id.*[1]  The *Orders* did not exclude wooden shutters (or components thereof) from the scope.

---

[1] *Id.* (excluding merchandise covered by other orders, including *Certain Hardwood Plywood Products from China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 83 Fed. Reg. 504 (Dep't of Commerce, Jan. 4, 2018); *Multilayered Wood Flooring from China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 76 Fed. Reg. 76,690 (Dep't of Commerce, Dec. 8, 2011); *Wooden Cabinets and Vanities and Components Thereof from China: Antidumping Duty*

II.     In 2024, Houston Shutters Requests A Changed Circumstances Review To Establish A Scope Exclusion For Wooden Shutter Components, Retroactive To 2020

More than three years after issuance of the *Orders*, on July 15, 2024, Houston Shutters requested that Commerce initiate a changed circumstances review to exclude wood shutter components from the scope of the *Orders*. Appx1-42.

By statute, Commerce will conduct a changed circumstances review when an interested party shows changed circumstances sufficient to warrant review of an affirmative determination resulting in an antidumping or countervailing duty order (among other types of listed decisions). 19 U.S.C. § 1675(b)(1). Commerce may revoke an antidumping or countervailing duty order with regard to a domestic like product when Commerce determines "that producers accounting for substantially all of the production of that domestic like product, have expressed a *lack of interest* in the order." 19 U.S.C. § 1677m(h)(2) (emphasis added). Thus, Commerce "may revoke an order, in whole or in part" if Commerce concludes that (among other circumstances) "{p}roducers accounting for substantially all of the production of the domestic like product to which the order (or the part of the order to be revoked) . . . pertains have expressed a lack of interest in the order, in whole or in part." 19 C.F.R. § 351.222(g)(1)(i) (citing 19 U.S.C. § 1677m(h)).[2]

---

*Order*, 85 Fed. Reg. 22,126 (Dep't of Commerce, Apr. 21, 2020); *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture from China*, 70 Fed. Reg. 329 (Dep't of Commerce, Jan. 4, 2005)); *see also Countervailing Duty Order*, 86 Fed. Reg. 9,486 (citing *Certain Hardwood Plywood Products from China: Countervailing Duty Order*, 83 Fed. Reg. 513 (Dep't of Commerce, Jan. 4, 2018); *Multilayered Wood Flooring from China: Countervailing Duty Order*, 76 Fed. Reg. 76,693 (Dep't of Commerce, Dec. 8, 2011); *Wooden Cabinets and Vanities and Components Thereof from China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Dep't of Commerce, Apr. 21, 2020)).

   [2] Commerce may also revoke an order when "{o}ther changed circumstances sufficient to warrant revocation or termination exist." 19 C.F.R. § 351.222(g)(1)(ii).

3

In its request for a changed circumstances review, Houston Shutters argued that "{p}etitioners do not domestically produce wood shutter components." Appx35. Houston Shutters also presented new evidence purporting to show that "wood shutter components are distinguishable . . . from in-scope products," Appx36, arguing that Commerce had previously requested "information to differentiate wood shutter components from scope merchandise" during the underlying antidumping and countervailing duty investigations, Appx1. On these bases, Houston Shutters requested a scope exclusion covering "wood shutter components" if "used exclusively to produce stiles, rails, tilt rods, louvers, and/or trim frames." Appx36-37 (among other limitations).

Houston Shutters further requested that Commerce apply the proposed exclusion "retroactively" to June 12, 2020, and August 12, 2020, when Commerce published the preliminary determinations in the countervailing duty and antidumping duty investigations, respectively. Appx37-38.

III.  **The Domestic Industry Opposes Initiation Of A Changed Circumstances Review, Articulating An Ongoing Interest In The Full Scope Of The *Orders***

The petitioner, Coalition of American Millwork Producers (CAMP), objected to the request for a changed circumstances review. Appx55-56. CAMP stated that its members "produce wood shutter components and are interested in continuing to have such products covered by the scope of the orders." Appx56. According to CAMP, "{w}ood shutters and their components are typically considered wood moulding and millwork products." Appx56. CAMP reiterated that—as it explained during the underlying investigations—"there is no practical way to distinguish {wood shutter components} from other in-scope mouldings and millwork products." Appx56 (citations omitted). CAMP stressed the "interchangeability of these wood shutter components with other mouldings and millwork products." Appx56 (citation omitted).

4

As CAMP concluded, "CAMP members manufacture wood shutter components and maintain a significant interest in continuing to have them covered" by the *Orders*. Appx56.

Houston Shutters then submitted a reply, questioning the accuracy of CAMP's submission and reiterating its request for a changed circumstances review. Appx43-45.

IV.     In An Unpublished Decision, Commerce Declines To Initiate A Changed Circumstances Review

In August 2024, Commerce denied Houston Shutters's request to initiate a changed circumstances review, determining that Houston Shutters failed to show that "changed circumstances exist to warrant a review." Appx58-59 (citing 19 U.S.C. § 1675(b)(1)(C)). Commerce cited CAMP's submission stating that CAMP's members "manufacture wood shutter components, have concerns about the exclusion, and maintain an interest in continuing to have them covered by the *Orders*." Appx59 (citing Appx56). Commerce determined that Houston Shutters had "not provided substantiated evidence contrary to CAMP's expressed interest in maintaining the *Orders*." Appx59.

Overall, Commerce concluded that Houston Shutters failed to demonstrate "that changed circumstances exist to warrant a review." Appx58-59 (citing 19 U.S.C. § 1675(b)(1)(C)). Thus, Commerce declined to initiate a changed circumstances review concerning wood shutter components.

Commerce's determination not to initiate a changed circumstances review was not published in the Federal Register. Instead, Commerce issued its determination in a letter sent to counsel for Houston Shutters. Appx58-59.

V.      Houston Shutters Files Two Separate Complaints Pursuant To 28 U.S.C. §§ 1581(c) And 1581(i), Respectively

On September 16, 2024, Houston Shutters filed this action pursuant to 28 U.S.C. § 1581(c), challenging Commerce's August 15, 2024 determination declining to initiate a

5

changed circumstances review "to exclude wood shutter components from the scope" of the *Orders*. Summons, ECF No. 1 at 1. In its complaint, Houston Shutters acknowledged that a determination not to conduct a changed circumstances review "does not appear to be enumerated as an appealable determination under 19 USC § 1516a(a)"—which would establish jurisdiction pursuant to 28 U.S.C. § 1581(c). *See* Compl. at ¶ 2 (quoting 19 U.S.C. § 1516a(a)).

Instead, Houston Shutters argued that the Court's residual jurisdictional provision, 28 U.S.C. § 1581(i), may apply in such cases. Compl. ¶ 2 (citing *Greenfirst Forest Prods. Inc. v. United States*, 604 F. Supp. 3d 1368, 1370 (Ct. Int'l Trade 2022)). Houston Shutters referenced a separate case that it filed pursuant to 28 U.S.C. § 1581(i), challenging the same Commerce determination. *See id.*; *see also* Compl., *Houston Shutters v. United States*, Ct. Int'l Trade No. 24-193, ECF No. 2. Nevertheless, Houston Shutters stated it was "maintaining this appeal under 28 U.S.C. § 1581(c)" out of "an abundance of caution." Compl. at ¶ 2.

On January 21, 2025, the United States filed a motion to dismiss the parallel complaint in the section 1581(i) case, *Houston Shutters v. United States*, Ct. Int'l Trade No. 24-cv-00193, explaining that the true nature of the case presented a challenge to Commerce's final scope decision in the antidumping and countervailing duty investigations. Gov. Mot., *Houston Shutters v. United States*, Ct. Int'l Trade 24-cv-00193, ECF No. 14. The United States now files this motion to dismiss Houston Shutters's separate case filed pursuant to 28 U.S.C. § 1581(c).

## ARGUMENT

I. Legal Standard

It is well established that "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). To adjudicate a case, a court must have subject-matter jurisdiction over the claims presented. *See Steel Co. v. Citizens for a Better Env't*,

6

523 U.S. 83, 94-95 (1998). "{W}hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A party seeking to invoke the Court's jurisdiction has the burden of establishing that jurisdiction exists. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006) (citing *Kokkonen*, 511 U.S. at 377); *see also Coal. for Fair Trade in Garlic v. United States*, 312 F. Supp. 3d 1372, 1376 (Ct. Int'l Trade 2018).

II.   The Court Lacks Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1581(c) To Review Commerce's Unpublished Determination Not To Initiate A Changed Circumstances Review

Section 1581(c) authorizes jurisdiction to entertain cases commenced pursuant to 19 U.S.C. §§ 1516a or 1517. 28 U.S.C. § 1581(c). However, neither section 1516a nor 1517 authorizes review of Commerce's unpublished determination not to initiate a changed circumstances review. *See* 19 U.S.C. § 1516a or 1517. Thus, the Court lacks jurisdiction to entertain Houston Shutters's challenge to Commerce's August 15, 2024 determination pursuant to section 1581(c), and this case must be dismissed.

   A.   Section 1516a(a)(1) Does Not List Commerce's Non-Initiation of Changed Circumstances Reviews As A Decision Subject To Review

Section 1516a(a)(1) does not authorize review of Commerce's determination not to initiate a changed circumstances review. Instead, this provision authorizes "{r}eview of certain determinations" in countervailing duty and antidumping duty proceedings. 19 U.S.C. § 1516a(a)(1).

Listed determinations reviewable pursuant to section 1516a(a)(1) include:

(A) a determination by Commerce not to initiate an investigation pursuant to 19 U.S.C. §§ 1671a(c) or 1673a(c);

(B) "a determination *by the Commission*, under section 1675(b) of this title, not to review a determination based upon changed circumstances";

(C) a negative determination by the Commission regarding material injury, pursuant to section 1671b(a) or 1673b(a); or

(D) revocation of an order after no response to a notice of a five-year review, or other determination listed in 1675(c)(3).

*See* 19 U.S.C. § 1516a(a)(1) (emphasis added). Houston Shutters does not challenge any of these types of determinations. Although section 1516a(a)(1)(B) references a determination not to initiate a review based upon changed circumstances, the provision is limited to decision *by the International Trade Commission*, not by Commerce. *Id.* Thus, section 1516a(a)(1) does not authorize exercise of jurisdiction in this case.

B. Section 1516a(a)(2) Does Not Authorize Review Of Commerce's Unpublished Determination Not To Initiate A Changed Circumstances Review

Similarly, 19 U.S.C. § 1516a(a)(2) does not authorize review of the unpublished determination challenged in this case. Section 1516a(a)(2) applies to additional "{r}eviewable determinations," including "{a} final determination . . . by {Commerce} or the Commission under section 1675 of this title"—other than a determination listed elsewhere in section 1516a(a)(1), such as the Commission's determination not to review a determination based on changed circumstances under 19 U.S.C. § 1675(b). 19 U.S.C. § 1516a(a)(2)(B)(iii); *see also id.* § 1516a(a)(1)(C). However, such reviewable determinations must be contested "{w}ithin thirty days *after the date of publication in the Federal Register*." 19 U.S.C. § 1516a(a)(2)(A)(i)(I) (applying to notices of determination listed in 19 U.S.C. § 1516a(a)(2)(B)(iii)) (emphasis added). In this case, however, there was no decision published in the Federal Register.

8

The U.S. Court of Appeals for the Federal Circuit has explained the jurisdictional significance of a Federal Register notice pursuant to 19 U.S.C. § 1516a(a)(2). *See Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States* (*Trustees*), 593 F.3d 1346, 1352–53 (Fed. Cir. 2010). In *Trustees*, the Federal Circuit assessed whether the domestic industry had any jurisdictional alternative to using this Court's residual jurisdictional provision—28 U.S.C. § 1581(i)(4)—to challenge Commerce's unpublished determination not to conduct a changed circumstances review. *Id* at 1353. As the Court explained, section 1516a "provides for review of decisions not to initiate changed circumstances reviews *only when those decisions are published in the Federal Register*{.}" *Id.* (emphasis added). Because the challenged decision not to initiate the changed circumstances review "was not so published," the Federal Circuit concluded that the domestic industry had no alternative to invoking this Court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i). *Id.*

In this case, likewise, Commerce's determination not to initiate the requested changed circumstances review was not published in the Federal Register. Appx58-59. Thus, the Court does not possess jurisdiction to review the determination pursuant to 19 U.S.C. § 1516a(a)(2).[3]

C.   No Provision In 19 U.S.C. § 1517 Authorizes Review

Section 1581(c) also authorizes jurisdiction to entertain cases filed pursuant to 19 U.S.C. § 1517, which establishes "{p}rocedures for investigating claims of evasion of antidumping and

---

[3] A determination whether merchandise is within the scope of an existing antidumping or countervailing duty order may be contested within thirty days after "the date of mailing" of the determination by Commerce. 19 U.S.C. § 1516a(a)(2)(A)(ii); *see also id.* § 1516a(a)(2)(B)(vi). In the underlying determination, however, Commerce did not determine whether or not Houston Shutters's merchandise was covered by the existing scope of the *Orders*—nor did Houston Shutters ask Commerce to reach such a decision. Instead, Commerce declined to initiate a changed circumstances review to determine whether to revoke the order with respect to wooden shutter components.

9

countervailing duty orders." 19 U.S.C. § 1517. However, such procedures are not applicable in this case. Accordingly, there is no basis for Houston Shutters to invoke jurisdiction pursuant to 28 U.S.C. § 1581(c).

## CONCLUSION

For these reasons, we respectfully request that this Court dismiss the complaint for lack of jurisdiction.

                                                Respectfully submitted,

                                                BRETT A. SHUMATE
                                                Acting Assistant Attorney General

                                                PATRICIA M. McCARTHY
                                                Director

                                                /s/ Claudia Burke
                                                CLAUDIA BURKE
                                                Deputy Director

| OF COUNSEL: | /s/Emma E. Bond |
|---|---|
| RUSLAN KLAFEHN | EMMA E. BOND |
| Attorney | Senior Trial Counsel |
| Office of the Chief Counsel | Department of Justice |
| For Trade Enforcement & Compliance | Civil Division |
| U.S. Department of Commerce | Commercial Litigation Branch |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20530 |
| | Telephone: (202) 305-2034 |
| | Email: Emma.E.Bond@usdoj.gov |
| February 4, 2025 | Attorneys for Defendant |

10

**CERTIFICATE OF COMPLIANCE**

    I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this motion contains no more than 3,656 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Emma E. Bond

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

|  |  |
|---|---|
| HOUSTON SHUTTERS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 24-00175 |
| UNITED STATES, | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Upon consideration of the motion to dismiss filed by defendant, all responses thereto, and other pertinent papers, it is hereby

ORDERED that the motion is GRANTED; and it is further

ORDERED that the complaint is dismissed for lack of jurisdiction.

Dated: _____, 2025          _____
New York, NY                                              JUDGE