UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| HOUSTON SHUTTERS LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES, : <br> : <br> Defendant. : | Court No. 24-00175 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Alan R. Klestadt
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

599 Lexington Avenue-36th Floor
New York, NY 10022
(212) 557-4400
**
*1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

Dated: March 31, 2025

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 1
LEGAL STANDARD.................................................................................................................... 5
ARGUMENT ................................................................................................................................. 6
   I.    Jurisdiction Being Unavailable Under 28 U.S.C. § 1581(c) Demonstrates the Need for Jurisdiction to Exist Under 28 U.S.C. § 1581(i) ........................................................................ 6
   II.   Jurisdiction Must Exist Under Either 28 U.S.C. § 1581(i) or  28 U.S.C. § 1581(c)........... 8
CONCLUSION............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Almond Bros. Lumber Co. v. United States*,
   651 F.3d 1343 (Fed. Cir. 2011) .................................................................................... 5, 10

*Calgon Carbon Corp. v. United States*,
   145 F.Supp.3d 1312 (CIT 2016) ......................................................................................... 6

*Consolidated Bearings Co. v. United States*,
   348 F.3d 997 (Fed. Cir. 2003) ............................................................................................ 6

*Goodluck India Limited v. United States*,
   605 F. Supp. 3d 1343 (CIT 2022) ....................................................................................... 5

*Greenfirst Forest Prods. Inc. v. United States*,
   604 F. Supp. 3d 1368 (CIT 2022). ...................................................................................... 6

*Hartford Fire Ins. Co. v. United States*,
   544 F.3d 1289 (Fed. Cir. 2008) ...................................................................................... 5, 7

*Inspired Venture v. United States*,
   2024 WL 4616192 (Oct. 30, 2024) ..................................................................................... 5

*Itochu Bldg. Prods. v. United States*,
   733 F.3d 1140 (Fed. Cir. 2013), *on remand*, 2014 WL 1363999 (CIT Apr. 8, 2014) ................ 3

*National Nail Corp. v. United States*,
   335 F. Supp. 3d 1321 (CIT 2018) ....................................................................................... 6

*Norcal/Crosetti Foods, Inc. v. United States*,
   963 F.2d 356 (Fed. Cir. 1992) ................................................................................. 6, 7, 10

**Regulations**
19 C.F.R. § 351.305(d) ............................................................................................................ 2

**Rules**
FRCP Rule 201 ....................................................................................................................... 6

USCIT Rule 6 .......................................................................................................................... 4

USCIT Rule 8 .......................................................................................................................... 5

**Statutes**
19 U.S.C. § 1516a ............................................................................................................ 5, 6, 7

28 U.S.C. § 1581(c) ....................................................................................................... *passim*

ii

28 U.S.C. § 1581(i) ............................................................................................................... *passim*

**Administrative Decisions**

*Certain Hardwood Plywood Products from China: Final Results of CCRs, and Revocation of the ADD/CVD Orders in Part*, 86 Fed. Reg. 29,562 (June 2, 2021) ................................................ 3

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China: Notice of Initiation of CCRs, and Consideration of Revocation of the AD/CVD Orders, in Part*, 88 Fed. Reg. 14,131 (Mar. 7, 2023) ........................................................................................ 9

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China: Notice of Initiation of CCRs, and Consideration of Revocation of the AD/CVD Orders, in Part*, 88 Fed. Reg. 49,448 (July 31, 2023) ........................................................................................ 9

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China: Notice of Initiation of CCRs, and Consideration of Revocation of the AD/CVD Orders, in Part*, 89 Fed. Reg. 84,114 (Oct. 21, 2024) ................................................................................... 9, 10

*Oil Country Tubular Goods from China: Final Affirmative Determinations of Circumvention*, 86 Fed. Reg. 67,443 (Nov. 26, 2021) ....................................................................................... 8

*Oil Country Tubular Goods from China: Final Results of AD/CVD CCRs*, 87 Fed. Reg. 15,915 (Mar. 21, 2022) ..................................................................................................................... 8, 9

*Steel Wire Garment Hangers from China: Final Results of CCR, and Revocation in Part of ADD Order*, 74 Fed. Reg. 50,956 (Oct. 2, 2009) .............................................................................. 3

*Wood Mouldings and Millwork Products from Brazil and China: Initiation of Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 6502 (Feb. 5, 2020) ..................................................... 1, 2

*Wood Mouldings and Millwork Products from China: Amended Final ADD Determination and Antidumping Duty Order,* 86 Fed. Reg. 9486 (Feb. 16, 2021) .......................................... 1, 2, 3

*Wood Mouldings and Millwork Products from China: Initiation of CVD Investigation*, 85 Fed. Reg. 6513 (Feb. 5, 2020) ...................................................................................................... 1, 2

*Wood Mouldings and Millwork Products from China: CVD Order*, 86 Fed. Reg. 9484 (Feb. 16, 2021) ............................................................................................................... 1, 2, 3

**Other Authorities**

Statement of Administrative Action Accompanying the Uruguay Round Agreements Act, H.R. Rep 103-316, 1994 U.S.C.C.A.N. 4040 ............................................................................. 7, 10

H.R. Rep. 96-1235, 1980 U.S.C.C.A.N. 3729 ....................................................................... 7, 11

Plaintiff Houston Shutters LLC hereby responds to the Motion to Dismiss for Lack of Subject Jurisdiction filed by Defendant United States on February 4, 2025, ECF 24 ("Def. Br.").[1] For the reasons set forth below, this Court has jurisdiction over Plaintiff's challenge to the U.S. Department of Commerce's ("Commerce") refusal to initiate a changed circumstances review ("CCR") to exclude wood shutter components from the ("AD/CVD") orders on wood mouldings and millwork products from the People's Republic of China ("China") under either 28 U.S.C. § 1581(i) or, alternatively, 28 U.S.C. § 1581(c). This Court should accordingly proceed to consideration of the merits of Plaintiff's appeal under one of these statutory bases.

## BACKGROUND

Commerce in February 2020 initiated AD/CVD investigations of wood mouldings and millwork products from China. *Wood Mouldings and Millwork Products from Brazil and China: Initiation of Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 6502 (Feb. 5, 2020); *Wood Mouldings and Millwork Products from China: Initiation of CVD Investigation*, 85 Fed. Reg. 6513 (Feb. 5, 2020) (collectively, the "*AD/CVD Initiations*"). Plaintiff did not participate in these investigations, Pl.Appx1-10,[2] which resulted in the February 2021 issuance of AD/CVD orders on wood mouldings from China. *Wood Mouldings and Millwork Products from China: Amended Final ADD Determination and Antidumping Duty Order,* 86 Fed. Reg. 9486 (Feb. 16, 2021); *Wood Mouldings and Millwork Products from China: CVD Order*, 86 Fed. Reg. 9484 (Feb. 16,

---

[1] Plaintiff also responds to Proposed Defendant-Intervenor Coalition of American Millwork Producers' Brief in Support of Defendant's Motion to Dismiss (Feb. 11, 2025), ECF 25. However, Plaintiff does not separately address that brief because it "does not . . . address arguments that are substantively different from those raised by Defendant in its motion." *Id*. at 1.

[2] Plaintiff provides its own Appendix ("Pl.Appx") appended hereto, to supplement that provided by Defendant appended to Def. Br. ("Appx"). For the convenience of this Court, and unlike that submitted by Defendant, Plaintiff's Appendix in this appeal is the same as submitted in *Houston Shutters LLC v. United State*s, Court No. 24-193.

1

2021) (collectively, "*AD/CVD Orders*"). To have participated in these investigations, Plaintiff would have had to demonstrate that it entered subject merchandise during the 2019 period of investigation ("POI"). 19 C.F.R. § 351.305(d); *AD/CVD Initiations*, 85 Fed. Reg. at 6503, 6514.

In March 2020, early in the AD/CVD investigations, a scope exclusion for wood shutter components was requested by Lanzhou Xinyoulian Industrial Co., Ltd. ("Lanzhou"). Pl.Appx54-78. If accepted by Commerce and written into the *AD/CVD Orders*' scope, AD/CVD would have never applied to wood shutter components from China. *Id*. Commerce on June 11, 2020, responded by issuing a questionnaire to Lanzhou, specifically requesting that Lanzhou – and not any other party – provide supplemental information concerning its requested exclusion within a single week, by June 18, 2020. Pl.Appx80. Lanzhou declined to respond, prompting Commerce to preliminary find that wood shutter components were subject merchandise in August 2020, and thereafter issue *AD/CVD Orders* in February 2021 without an exclusion for wood shutter components. *AD/CVD Orders*, 86 Fed. Reg. at 9485, 9488-89.

Plaintiff subsequently imported wood shutter components from China. In an effort to minimize or eliminate any AD/CVD liability, and allow for such imports to occur without AD/CVD going forward, Plaintiff on July 15, 2024, filed a 375-page CCR Request that included 16 videos. Appx1-42; Pl.Appx11-343.[3] Plaintiff requested not only that a new scope exclusion for wood shutter components be written into the *AD/CVD Orders*, but that it apply retroactively to any unliquidated entries as of June 12, 2020, for CVD and August 12, 2020, for ADD – when Commerce published its preliminary determinations in those investigations. Appx37-38. Commerce has in prior CCRs applied scope exclusions retroactively to unliquidated entries

---

[3]     Because Defendant only provided the CCR Request narrative, Appx1-48, Plaintiff is providing the remainder of that submission containing its exhibits. Pl.Appx11-343.

2

this manner. Appx37; *Steel Wire Garment Hangers from China: Final Results of CCR, and Revocation in Part of ADD Order*, 74 Fed. Reg. 50,956, 50,956 (Oct. 2, 2009); *Certain Hardwood Plywood Products from China: Final Results of CCRs, and Revocation of the ADD/CVD Orders in Part*, 86 Fed. Reg. 29,562, 29,564-65 (June 2, 2021); *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145-1148 (Fed. Cir. 2013), *on remand*, 2014 WL 1363999, *3-7 (CIT Apr. 8, 2014).

In its CCR Request, "Plaintiff provided the information that Commerce had previously requested from Lanzhou, and further demonstrated that the requested exclusion was readily administrable, not susceptible to circumvention and would not harm Petitioners." Complaint (Oct. 16, 2024), ECF 2, ¶ 10. Plaintiff's CCR Request included an extensive amount of new information specifically prepared for, and contemporaneously with, the CCR, including: 16 videos, Pl.Appx12; wood shutter component schematics, Appx17-21, Pl.Appx.11-12, 29-32, 240-49; and diagrams of domestically produced wood mouldings and millwork products. Pl.Appx34-47. Other information in the CCR that became available in the years since issuance of the *AD/CVD Orders* included:

- A letter of support from members of Congress dated July 3, 2024, Pl.Appx18;

- A declaration from an industry expert dated May 15, 2024, Pl.Appx20-23;

- B. Wolsey, *Why basswood is the best for your shutters*, THE BLINDMAN.COM (Aug. 23, 2023), Pl.Appx126-28;

- Yasmeen, W*hat Are Stiles on a Shutter?*, THESHUTTERSTORE.COM (Feb. 15, 2022), Pl.Appx147-52;

- K. Vollmar, *Parts of a Door: Front Door Anatomy 101*, PELLA (May 12, 2021), Pl.Appx182-88;

- L. Wallender, *Water-Based vs. Oil-Based Polyurethane Comparison Guide*, THESPRUCE (Mar. 22, 2024), Pl.Appx257-264;

3

- *Introducing Polyurethane Paints*, PRO MAIN (Feb. 23, 2022), Pl.Appx269-72;

- *A Guide To Architectural Millwork*, AWI QUALITY CERTIFICATION PROGRAM (Mar. 7, 2022), Pl.Appx296-300; and

- V. Jackson, *What is Saw Kerf and Why It Matters in Woodworking*, THE HANDYMAN'S DAUGHTER (Aug. 2, 2022), Pl.Appx323-43.

After Petitioner advised of its opposition to the CCR, Appx49-57, Commerce on August 15, 2024, declined to initiate a CCR. Appx58-59.[4] Within 30 days of that determination, Plaintiff initiated this instant appeal in this Court asserting jurisdiction under 28 U.S.C. § 1581(c). Summons (Sept. 16, 2024), ECF 1; USCIT Rule 6(a)(1)(c). Plaintiff subsequently timely filed its Complaint (Oct. 16, 2024), ECF 8, and at that time also filed a Complaint in a separate appeal challenging in this Court the same Commerce action under 28 U.S.C. § 1581(i). *Houston Shutters LLC v. United States*, Court No. 24-193, Summons (Oct. 16, 2024), ECF 1; Complaint (Oct. 16, 2024), ECF 2 ("24-193 Complaint"). In both Complaints, Plaintiff advised that while 28 U.S.C. § 1581(i) provided the superior basis for jurisdiction, 24-193 Complaint § 2, it was "out of an abundance of caution maintaining this appeal under 28 U.S.C. § 1581(c)." Complaint § 2.

In January 2025, Defendant moved to dismiss Plaintiff's appeal under 28 U.S.C. § 1581(c) for lack of subject matter jurisdiction, arguing that jurisdiction does not lie because Plaintiff's challenge could have been brought to Commerce's AD/CVD investigations under 28 U.S.C. § 1581(c). *Houston Shutters LLC v. United States*, Court No. 24-193, Motion to Dismiss for Lack of Subject Jurisdiction (Jan. 21, 2025), ECF 14, at 8-4. In February 2025, Defendant moved to dismiss the instant appeal under 28 U.S.C. § 1581(c) for lack of subject matter

---

[4] Defendant incorrectly states that "Commerce issued its determination in a letter sent to counsel for Houston Shutters." Def. Br. at 5. Although this letter was posted on ACCESS, neither the letter itself nor notice of its posting were ever transmitted to counsel for Plaintiff.

4

jurisdiction, arguing that jurisdiction does not lie because Commerce's determination not to initiate a CCR was neither listed in the relevant statutes nor published in the Federal Register. Def. Br. at 7-10.

## LEGAL STANDARD

"**Prevailing on a motion to dismiss based on a jurisdictional dispute presents a high bar**." *Inspired Venture v. United States*, 2024 WL 4616192, *3 (Oct. 30, 2024) (emphasis added). "If the party makes an allegation of fact that sufficiently invokes the subject matter jurisdiction of the Court of International Trade, then the party has satisfied the liberal pleading requirements of CIT Rule 8(a)(1), and a motion to dismiss is improper." *Goodluck India Limited v. United States*, 605 F. Supp. 3d 1343, 1346 n.2 (CIT 2022) (citing CIT Rule 8(a)).

28 U.S.C. § 1581(c) provides in relevant part "exclusive jurisdiction" in this Court over the following categories of AD/CVD appeals:

> (A) a determination by {Commerce} . . . not to initiate an investigation;
> (B) a determination by the Commission, under section 1675(b) . . . , not to review a determination based upon changed circumstances,
> (C) a negative determination by the Commission . . . as to whether there is reasonable indication of material injury, threat of material injury, or material retardation; or
> (D) a final determination by {Commerce} or the Commission under section 1675(c)(3) . . . .

19 U.S.C. § 1516a(a)(1).

The U.S. Court of Appeals for the Federal Circuit ("CAFC") repeatedly "has noted that in enacting 28 U.S.C. § 1581(i), **Congress granted the CIT broad residual jurisdiction** over matters relating to imports." *Almond Bros. Lumber Co. v. United States*, 651 F.3d 1343, 1351 (Fed. Cir. 2011) (emphasis added). The CAFC refers to 28 U.S.C. § 1581(i) as "a Congressional fail-safe device" and a "catch all provision." *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1292 (Fed. Cir. 2008); *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359

5

(Fed. Cir. 1992). It "supplies jurisdiction only for instances when no other subsection of {28 U.S.C. § 1581} 'is or could have been available,' unless the other subsection provided no more than a manifestly inadequate remedy." *Consolidated Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003) (quoting *Norcal/Crosetti*, 963 F.2d at 359). This Court has previously used the 28 U.S.C. § 1581(i) statutory grant of residual jurisdictional to review Commerce's refusal to initiate a CCR. *Greenfirst Forest Prods. Inc. v. United States*, 604 F. Supp. 3d 1368, 1370 (CIT 2022).

Where "the Government challenges the existence of jurisdiction, . . . the court may consider extrinsic evidence." *National Nail Corp. v. United States*, 335 F. Supp. 3d 1321, 1325 (CIT 2018). This Court can and should take judicial notice of documents posted on Commerce's ACCESS website. *See, e.g.*, *Calgon Carbon Corp. v. United States*, 145 F.Supp.3d 1312, 1327 (CIT 2016). Such AD/CVD proceeding submissions, locatable using ACCESS barcodes,[5] are "generally known" and their filing "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRCP Rule 201.

## ARGUMENT

I.  **Jurisdiction Being Unavailable Under 28 U.S.C. § 1581(c) Demonstrates the Need for Jurisdiction to Exist Under 28 U.S.C. § 1581(i)**

Plaintiff recognizes that – unlike the U.S. International Trade Commission {"ITC"}, a determination by Commerce "not to review a determination based upon changed circumstances" is not expressly provided for in 28 U.S.C. § 1581(c). Def. Br. at 7; 19 U.S.C. § 1516a(a)(1). In response to Defendant's other statutory argument, Plaintiff further recognizes that this is not an appeal of a U.S. Customs Border and Protection Enforce and Protect Act determination. Def. Br.

---

[5]  All appendix documents provided by Plaintiff and Defendant are locatable by ACCESS barcodes.

6

at 9-10. In response to Defendant's argument that Commerce's unwillingness to initiate a CCR was not published in the Federal Register, *id*. at 8-9, Defendant notes that certain Commerce actions can be challenged under 28 U.S.C. § 1581(c) despite not being challenged in the federal register. *Id*. at 9 n.3. While recognizing that this is not an appeal of a scope determination, Plaintiff did in fact initiate this appeal "within thirty days after" the date of the CCR denial. *Id*.; Summons, ECF 1.

Plaintiff does not know why Congress elected to specify only that 28 U.S.C. § 1581(c) is available to challenge a determination by ITC "not to review a determination based upon changed circumstances." 19 U.S.C. § 1516a(a)(1). Neither the Statement of Administrative Action Accompanying the Uruguay Round Agreements Act ("SAA") nor other legislative history indicates that Congress deliberately chose to provide that only such ITC decisions be appealable, let alone the basis for such divergent treatment. The SAA provides in relevant part that "the Administration does not expect Commerce to entertain frivolous allegations in {CCRs}." SAA, H.R. Rep 103-316, 1994 U.S.C.C.A.N. 4040, 4213. Defendant does not claim that Plaintiff raised a frivolous allegation, Def. Br. at 1-11, and cannot do so given the extensive amount of information in Plaintiff's CCR Request. Indeed, legislative history confirms that Congress provided such a "broad jurisdictional grant" to "**ensure that these suits will be heard on their merits**." H.R. Rep. 96-1235, 1980 U.S.C.C.A.N. 3729, 3759 (emphasis added).

Plaintiff submits that this Court must have jurisdiction to consider its challenge to Commerce's unwillingness to initiate a CCR, and the lack of jurisdiction under 28 U.S.C. § 1581(c) provides all the more reason to find jurisdiction under 28 U.S.C. § 1581(i) – "a Congressional fail-safe device" and a "catch all provision." *Hartford Fire*, 544 F.3d at 1292; *Norcal/Crosetti*, 963 F.2d at 359. Plaintiff has in a separate appeal demonstrated the propriety

7

of this Court having jurisdiction under 28 U.S.C. § 1581(i). Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, *Houston Shutters LLC v. United States*, Court No. 24-193 (Mar. 12, 2024). Plaintiff has all along been willing to stipulate that jurisdiction properly lies under 28 U.S.C. § 1581(i), but maintained this appeal under 28 U.S.C. § 1581(c) to protect against the possibility that Defendant would seek to dismiss both appeals – as came to fruition. Leaving Plaintiff without a legal basis to appeal in this instance would create an improper jurisdictional void that contradicts Commerce practice and legislative history, as set forth below.

**II.     Jurisdiction Must Exist Under Either 28 U.S.C. § 1581(i) or 28 U.S.C. § 1581(c)**

To demonstrate the improper jurisdictional void requested by Defendant, consider Commerce's CCR actions in its 2021 circumvention inquiry which found that oil country tubular goods ("OCTG") from Brunei and the Philippines was circumventing the ADD/CVD orders on OCTG from China. *OCTG from China: Final Affirmative Determinations of Circumvention*, 86 Fed. Reg. 67,443 (Nov. 26, 2021). Despite finding that "OCTG assembled or completed in Brunei or the Philippines using non-Chinese inputs is not subject to these circumvention inquiries," Commerce found the HLD companies to be circumventing because these "mandatory respondents are unable to track welded OCTG to the country of origin of inputs used in the production of welded OCTG." *Id*. at 67,444. "On December 23, 2021, the HLD companies submitted {CCR} requests, in which they claimed that they are able to identify and segregate welded OCTG made using non-Chinese hot-rolled steel." *OCTG from China: Final Results of AD/CVD CCRs*, 87 Fed. Reg. 15,915, 15,915 (Mar. 21, 2022).

Commerce readily initiated the CCR and after reviewing information found that "the HLD companies and their exporters and importers will be eligible to certify that welded OCTG . . . were produced using non-Chinese hot-rolled steel. OCTG entering the United States with

8

such certification . . . will not be subject to" AD/CVD. *Id.* at 15,916. The fallacy of Defendant's jurisdictional argument becomes clear by considering if Commerce had declined to initiate the CCR requested by the HLD companies. In that instance, using Defendant's logic, the HLD companies would not be able to appeal as this Court would be deprived of jurisdiction merely because the HLD companies were attempting to submit information that could have been submitted in the underlying circumvention inquiry. Commerce would be immune from judicial review and the HLD companies would never be able to have Commerce revisit the circumvention finding. Yet despite Defendant's position, this Court should be able to review such an unwillingness to initiate because a changed circumstance was presented. As the OCTG precedent confirms, a purpose of the CCR mechanism is for Commerce to reconsider prior determinations based on information that was not presented in the underlying proceedings.

Commerce routinely uses CCRs to write new scope exclusions into existing AD/CVD orders requested by importers, as Plaintiff was attempting to accomplish with its CCR Request. As an example, Commerce last year received a CCR request from Lutron Electronics Co. ("Lutron") to exclude its solar panels from the AD/CVD orders on solar cells from China. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China: Notice of Initiation of CCRs, and Consideration of Revocation of the AD/CVD Orders, in Part*, 89 Fed. Reg. 84,114 (Oct. 21, 2024).[6] Commerce readily initiated the CCR, and did not fault Lutron for failing to have requested this an exclusion during the underlying investigations as

---

[6]   Other recent instances of Commerce initiating a CCR to add a scope exclusion under these same AD/CVD Orders include: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China: Notice of Initiation of CCRs, and Consideration of Revocation of the AD/CVD Orders, in Part*, 88 Fed. Reg. 49,448 (July 31, 2023); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China: Notice of Initiation of CCRs, and Consideration of Revocation of the AD/CVD Orders, in Part*, 88 Fed. Reg. 14,131 (Mar. 7, 2023).

9

Defendant does for Plaintiff's request to exclude wood shutter components. *Id*. Defendant, in blaming Plaintiff, emphasizes that the AD/CVD investigations set an early scope comment period. Def. Br. at 2. Yet because all AD/CVD investigations have such an early comment period, Defendant's logic would make CCRs unavailable to consider scope exclusions not initially raised. This position contradicts Commerce practice – demonstrated by the Lutron CCR – that often initiates CCRs to consider scope exclusions based on information, subsequently providing a basis to exclude products from the scope of existing AD/CVD orders. Moreover, under Defendant's position Commerce could perpetually decline to initiate such CCRs and thwart judicial review of such agency actions. This Court should not sanction Defendant's constrained view of CCRs that would put Commerce above the law.

Any effort to distinguish CCRs such as Lutron based on the lack of petitioner opposition would improperly empower petitioners to divest this Court of jurisdiction over Commerce's CCR actions, as they would control whether scope exclusion CCRs are initiated. Allowing petitioners to preclude this Court from hearing appeals would contradict the CAFC recognition that "**Congress granted the CIT broad residual jurisdiction**" through "a Congressional fail-safe device." *Almond Bros.*, 651 F.3d at 1351 (emphasis added); *Norcal/Crosetti*, 963 F.2d at 359. The SAA does not support foreclosing jurisdiction, stating in relevant part that "the Administration does not expect Commerce to entertain frivolous allegations in {CCRs}." H.R. Rep 103-316, 1994 U.S.C.C.A.N. 4040, 4213. Defendant does not claim that Plaintiff raised a frivolous allegation, Def. Br. at 1-11, and cannot do so given the extensive amount of information in Plaintiff's CCR Request. Indeed, legislative history confirms that Congress provided such a "broad jurisdictional grant" to "**ensure that these suits will be heard on their**

10

**merits**." H.R. Rep. 96-1235, 1980 U.S.C.C.A.N. 3729, 3759 (emphasis added). Plaintiff simply requests that its challenge to Commerce's unwillingness to initiate a CCR be heard on its merits.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny one of Defendant's Motions to Dismiss and instead find that Plaintiff's appeal may proceed to consideration on the merits.

                                      Respectfully submitted,

                                      */s/ Jordan C. Kahn*
                                      Alan R. Klestadt
                                      Jordan C. Kahn*

                                      GRUNFELD, DESIDERIO, LEBOWITZ
                                      SILVERMAN & KLESTADT LLP

                                      599 Lexington Avenue-36th Floor
                                      New York, NY 10022
                                      (212) 557-4400
                                      **
                                      *1201 New York Ave., NW, Suite 650
                                      Washington, DC 20005
Dated: March 31, 2025                         (202) 783-6881

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiff's Response to Defendant's Motion to Dismiss, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word 2007, is 3,153 words, less than the 14,000 word limit.

*/s/ Jordan C. Kahn*

*Counsel for Plaintiff*

Dated: March 31, 2025

13213191_1