**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:      THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | | |
|---|---|---|
| HOUSTON SHUTTERS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 24-00175 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

OF COUNSEL:

RUSLAN KLAFEHN
Attorney
Office of the Chief Counsel
For Trade Enforcement and Compliance
U.S. Department of Commerce

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

EMMA E. BOND
Senior Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-2034
E-mail: Emma.E.Bond@usdoj.gov

April 15, 2025

Attorneys for Defendant

## **<u>TABLE OF CONTENTS</u>**

TABLE OF CONTENTS........................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................. ii

DISCUSSION ...................................................................................................................... 2

CONCLUSION..................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Almond Bros. Lumber Co. v. United States,*
  651 F.3d 1343 (Fed. Cir. 2011) ................................................................. 3

*Connecticut Nat. Bank v. Germain,*
  503 U.S. 249 (1992) ................................................................................. 2

*Estate of Cowart v. Nicklos Drilling Co.,*
  505 U.S. 469 (1992) ................................................................................. 2

*Fujitsu Gen. Am., Inc. v. United States,*
  283 F.3d 1364 (Fed. Cir. 2002) ................................................................. 4

*Hughes Aircraft Co. v. Jacobson,*
  525 U.S. 432 (1999) ................................................................................. 2

*Juancheng Kangtai Chem. Co. v. United States,*
  932 F.3d 1321 (Fed. Cir. 2019) .............................................................. 4, 5

*Norcal/Crosetti Foods v. United States,*
  963 F.2d 356 (Fed. Cir. 1992) ................................................................... 3

*Sunpreme Inc. v. United States,*
  892 F.3d 1186 (Fed. Cir. 2018) ................................................................. 4

*TR Int'l Trading Co. v. United States,*
  4 F.4th 1363 (Fed. Cir. 2021) ................................................................... 5

*Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States,*
  593 F.3d 1346 (Fed. Cir. 2010) .............................................................. 2, 5

**STATUTES**

19 U.S.C. § 1516a ..................................................................................... 2, 5

19 U.S.C. § 1517 ...................................................................................... 2, 5

28 U.S.C. § 1581(c) ................................................................................. passim

28 U.S.C. § 1581(i) .............................................................................. 1, 3, 4, 5

**AGENCY DECISIONS**

*OCTG from China: Final Results of AD/CVD CCRs*,
   87 Fed. Reg. 15,915 (Mar. 21, 2022)............................................................................... 4

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China:
   Notice of Initiation of CCRs, and Consideration of Revocation of the AD/CVD Orders, in Part*,
   89 Fed. Reg. 84,114  (Oct. 21, 2024)............................................................................ 4

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

| | |
|---|---|
| _____ ) | |
| HOUSTON SHUTTERS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 24-00175 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

In accordance with Rule 12(b)(1) of this Court's rules, defendant, the United States, respectfully submits this reply in support of its motion to dismiss the complaint filed by plaintiff, Houston Shutters LLC (Houston Shutters). Def. Mot. at 6-10, ECF No. 24. In its response to the motion to dismiss, Houston Shutters concedes that jurisdiction is "unavailable under 28 U.S.C. § 1581(c)," Pl. Resp. at 6, ECF No. 26 (capitalization altered), thus requiring dismissal of this this case, which was filed pursuant to 28 U.S.C. § 1581(c), *see* Compl. at ¶ 2, ECF No. 8 (stating that Houston Shutters is "maintaining this appeal under 28 U.S.C. § 1581(c)"). The remaining arguments in Houston Shutters's response relate to its separate case invoking the Court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i) in *Houston Shutters LLC v. United States*, Case No. 24-00193. Because jurisdiction in this case is "unavailable under 28 U.S.C. § 1581(c)," *see* Pl. Resp. at 6, ECF No. 26 (capitalization altered), we respectfully request that the Court dismiss the case for lack of jurisdiction.

## DISCUSSION

As demonstrated in our motion to dismiss, Houston Shutters has failed to establish that this Court possesses jurisdiction pursuant to 28 U.S.C. § 1581(c) to review the Department of Commerce's unpublished determination not to initiate a changed circumstances review.  Def. Mot. at 6-10, ECF No. 24.  Section 1581(c) authorizes jurisdiction to entertain cases commenced pursuant to 19 U.S.C. §§ 1516a or 1517, and neither section 1516a nor 1517 authorizes review of Commerce's unpublished determination not to initiate a changed circumstances review.  Def. Mot. at 7-9, ECF No. 24; *see also id.* at 9 (citing *Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States (Trustees)*, 593 F.3d 1346, 1352–53 (Fed. Cir. 2010)); 19 U.S.C. §§ 1516a, 1517.

Houston Shutters concedes this basic point.  Pl. Resp. at 6-7.  It "recognizes that . . . a determination by Commerce 'not to review a determination based upon changed circumstances' is not expressly provided for in 28 U.S.C. § 1581(c)."  *Id.* at 6 (citing Def. Mot. at 7; 19 U.S.C. § 1516a(a)(1)).  Houston Shutters nonetheless argues that the legislative history is unclear on "why" Congress did not extend section 1581(c) jurisdiction to Commerce's unpublished determinations not to initiate a changed circumstances review—when Congress allowed review of similar determinations by the International Trade Commission.  *Id.* at 7 (citing 19 U.S.C. § 1561a(a)(1)).  But the reason for Congress's choice is immaterial when, as here, the text is clear.  "As in any case of statutory construction, [the] analysis begins with 'the language of the statute.'"  *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992)).  Where that language "provides a clear answer," the analysis is at an end.  *See id.* (citing *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992)).  Because the plain language of section 1581(c) does not provide jurisdiction to review

Commerce's unpublished determination not to initiate a changed circumstances review, there is no need for further inquiry.[1]

Houston Shutters next argues that Congress intended to vest this Court with a "broad jurisdictional grant," and that the case "must" be cognizable under *either* section 1581(c) or 1581(i).  Pl. Resp. at 7-10 (citing, *e.g.*, H.R. Rep. 96-1235, 1980 U.S.C.C.A.N. 3729, 3759).  This policy argument provides no basis for rewriting the plain language of section 1581(c)—the jurisdictional provision invoked in this case.  *See* Compl. at ¶ 2, ECF No. 8 (stating that Houston Shutters "maintain[s] this appeal under 28 U.S.C. § 1581(c)").  Nor is this case the correct setting to litigate the propriety of jurisdiction pursuant to 28 U.S.C. § 1581(i), which the parties have briefed in a separate case that invokes section 1581(i) jurisdiction, *Houston Shutters LLC v. United States*, Ct. Int'l Trade No. 24-00193.

Regardless, to the extent Houston Shutters claims that all cases involving duties must be heard "on their merits" pursuant to one or another prong of section 1581 jurisdiction, it is simply wrong.  *See* Pl. Resp. at 7, 10-11 (citing H.R. Rep. 96-1235, 1980 U.S.C.C.A.N. 3729, 3759); *see also id.* at 10 (citing *Almond Bros*. *Lumber Co. v. United States*, 651 F.3d 1343, 1351 (Fed. Cir. 2011); *Norcal/Crosetti Foods v. United States*, 963 F.2d 356, 359 (Fed. Cir. 1992)).  Parties that fail to pursue available statutory avenues for relief may find that by the time they get around to filing a case invoking their preferred theory, no avenue of review is available.  Indeed, parties may not invoke the Court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i) when another provision of section 1581 jurisdiction "is *or could have been* available"—unless the remedy

---

[1] Houston Shutters points out that it initiated the case "within thirty days" after receiving Commerce's determination, Pl. Resp. at 7, but the fact that the case would have been *timely* if otherwise properly filed does not excuse the absence of subject matter jurisdiction pursuant to 28 U.S.C. § 1581(c).

provided under that subsection would be manifestly inadequate.  *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (citing *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1371 (Fed. Cir. 2002)) (emphasis added).  Failure to timely pursue another remedy that "is or could have been available" under 28 U.S.C. § 1581 may foreclose later attempts to secure relief.  *See Juancheng Kangtai Chem. Co. v. United States*, 932 F.3d 1321, 1327-1328 (Fed. Cir. 2019) (quoting *Sunpreme*, 892 F.3d at 1191).

Thus, Houston Shutters's theory that it must be entitled to jurisdiction in its current case *either* pursuant to section 1581(c) or (i) is unpersuasive.  Pl. Resp. at 8-10, ECF No. 26.  As explained in the section 1581(i) case, Houston Shutters failed to timely exhaust its current scope arguments in the underlying investigation.  *See* Reply at 2-9, *Houston Shutters LLC v. United States*, Ct. Int'l Trade. 24-00193, ECF No. 16.  Having waited until years after the investigation to present its scope arguments, Houston Shutters is not now entitled to judicial review at the time of its choosing.

Houston Shutters relies on a variety of Commerce determinations for the proposition that dismissal of both of its cases would result in an "improper jurisdictional void."  Pl. Resp. at 8-10 (citing, *e.g.*, *OCTG from China: Final Results of AD/CVD CCRs*, 87 Fed. Reg. 15,915, 15,915 (Mar. 21, 2022); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China: Notice of Initiation of CCRs, and Consideration of Revocation of the AD/CVD Orders, in Part*, 89 Fed. Reg. 84,114 (Oct. 21, 2024)).  But none of the cited cases supports the exercise of jurisdiction pursuant to 28 U.S.C. § 1581(c) to review Commerce's unpublished determination not to initiate a changed circumstances review pursuant to 28 U.S.C. § 1581(c).

To the extent Houston Shutters claims that the cited cases are pertinent to the Court's jurisdictional analysis under section 1581(i)—and they are not—that analysis belongs in the separate case in which Houston Shutters invokes jurisdiction pursuant to section 1581(i). *Houston Shutters LLC v. United States*, Ct. Int'l Trade 24-00193.  As explained in that case, "the 'true nature' of Houston Shutters' action is a challenge to the final scope decision in the millwork products from China investigations, such that Houston Shutters could have brought this case under section 1581(c) at the conclusion of the investigations of millwork products from China."  Reply at 3, *Houston Shutters LLC v. United States*, Ct. Int'l Trade 24-00193, ECF No. 16.  Houston Shutters's effort to "'recast[] a scope dispute' as another type of challenge . . . does not create § 1581(i) jurisdiction."  *Id.* at 6 (citing *TR Int'l Trading Co., Inc. v. United States*, 4 F.4th 1363, 1369 (Fed. Cir. 2021)).  Enforcing such limits on section 1581(i) jurisdiction is necessary to effectuate the express statutory scheme in 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c)—and results in no jurisdictional void.  *See Juancheng Kangtai Chem. Co.*, 932 F.3d. at 1328 (dismissing a § 1581(i) case when the plaintiff "could have sought relief under § 1581(c)" to challenge Commerce's determination in a prior administrative review).

Finally, Houston Shutters argues that its request for a changed circumstances review was not "frivolous"—but fails to link this argument to the jurisdictional analysis,   Pl. Resp. at 10, ECF No. 26 (citing Statement of Administrative Action, H.R. Rep 103-316, 1994 U.S.C.C.A.N. 4040, 421).  Regardless of whether or not the request was frivolous, nothing in section 1581(c) authorizes this Court to review Commerce's unpublished determination not to initiate a changed circumstances review.  28 U.S.C. § 1581(c); 19 U.S.C. §§ 1516a, 1517; *Trustees in Bankr. of N. Am. Rubber Thread Co.*, 593 F.3d at 1352–53).  Thus, the complaint should be dismissed for lack of jurisdiction.

## **CONCLUSION**

For these reasons, we respectfully request that this Court dismiss the complaint for lack of jurisdiction.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

OF COUNSEL:                                   /s/Emma E. Bond
RUSLAN KLAFEHN                        EMMA E. BOND
Attorney                                            Senior Trial Counsel
Office of the Chief Counsel            Department of Justice
For Trade Enforcement & Compliance    Civil Division
U.S. Department of Commerce        Commercial Litigation Branch
                                                        P.O. Box 480
                                                        Ben Franklin Station
                                                        Washington, DC 20530
                                                        Telephone: (202) 305-2034
                                                        Email: Emma.E.Bond@usdoj.gov

April 15, 2025                               Attorneys for Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this filing contains no more than 1,525 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

<u>/s/ Emma E. Bond</u>