Slip Op. 26-6

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOUSTON SHUTTERS LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Court No. 24-00175 |

**OPINION and ORDER**

[Granting Defendant's motion to dismiss.]

Dated: January 29, 2026

    Jordan C. Kahn, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt of New York, N.Y., argued for Plaintiff Houston Shutters LLC. With him on the brief was Alan R. Klestadt.

    Emma E. Bond, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for Defendant United States. With her on the briefs were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, Claudia Burke, Deputy Director. Of counsel was Ruslan Klafehn, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

    Gordon, Judge: This matter involves Plaintiff Houston Shutters LLC's challenge to the U.S. Department of Commerce's ("Commerce") decision not to initiate a changed circumstances review[1] with respect to whether wood shutter components were within the

---

[1] "A changed circumstances review is a statutorily required administrative process whereby Commerce, upon request, must review a final affirmative determination resulting in an antidumping [or countervailing] duty order if an interested party has demonstrated the existence of changed circumstances sufficient to warrant review." Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States, 30 CIT 1537, 1538 n.3, 464 F. Supp. 2d 1350,

(footnote continued)

scope of the investigation covering millwork products from the People's Republic of China.  Plaintiff brings its challenge in the form of two separate actions seeking the same relief on the same facts, albeit under different jurisdictional predicates.  Compare Compl., ECF No. 8 (action under 28 U.S.C. § 1581(c)), with Compl., Court No. 1:24-00193 (action under 28 U.S.C. § 1581(i)).

Before the court is Defendant's motion to dismiss this action for lack of subject matter jurisdiction pursuant to USCIT Rule 12(b)(1).  See Def.'s Mot. to Dismiss, ECF No. 24; see also Pl.'s Resp. in Opp'n, ECF No. 26; Def.'s Reply, ECF No. 28.  The court held oral argument.  See Oral Arg., ECF No. 36 (May 29, 2025).

In its response, Plaintiff forthrightly acknowledges that "Plaintiff has all along been willing to stipulate that jurisdiction properly lies under 28 U.S.C. § 1581(i), but maintained this appeal under 28 U.S.C. § 1581(c) to protect against the possibility that Defendant would seek to dismiss both appeals."  Pl.'s Resp. at 8; see also Oral Arg. at 19:37–20:10 (noting that Pl. has "all along been willing to stipulate that jurisdiction lies under [1581(i)]" as "better jurisdictional basis").  Therefore, upon consideration of Defendant's motion to dismiss, Plaintiff's response acknowledging the impropriety of jurisdiction under § 1581(c), and all other papers and proceedings had in this action; and upon due deliberation; it is hereby

**ORDERED** that the Defendant's motion to dismiss this action, ECF No. 24, is granted; and it is further

---

1352 n.3 (2006), aff'd in part, rev'd in part, 593 F. 3d 1346 (Fed. Cir. 2010) (citing 19 U.S.C. § 1675(b)(1)).

Court No. 24-00175                                                                                                                                              Page 3

**ORDERED** that this action is dismissed.

                                                                                         /s/ Leo M. Gordon
                                                                                     Judge Leo M. Gordon

Dated: January 29, 2026
       New York, New York